## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| JAMES R. MULLINS, et al., | : | |
| Plaintiffs, | : | Case No.  3:15cv00106 |
| vs. | : | District Judge Thomas M. Rose |
| | | Chief Magistrate Judge Sharon L. Ovington |
| THE INTERNAL REVENUE SERVICE, | : | |
| | : | |
| Defendant. | : | |

## ORDER

Plaintiffs James R. Mullins and Kathleen L. Mullins, residents of Eaton, Ohio, bring this case *pro se* concerning the Internal Revenue Service's disallowance of certain claims for dependent children in tax year 2006.  Plaintiffs previously challenged that disallowance in ways they describe in their Complaint.  Although their challenges have so far been unsuccessful, they received a letter from the IRS on or about April 18, 2014 informing them, "You may pursue this matter further by filing suit in either the United States District Court or the United States Court of Claims.  If you decide to do this, you must file the suit within two years from the date on the letter denying your claim, which the Austin IRS Campus mailed to you on April 23, 2013...."  (Doc. #5, PageID at 33).  On March 25, 2015, Plaintiffs initiated this case by filing their Motion To Proceed In Forma Pauperis together with their Complaint.

The Court previously granted Plaintiff's Application to Proceed *in forma pauperis* under 28 U.S.C. §1915.  The case is presently before the Court for a *sua sponte* review to determine whether Plaintiff's Complaint, or any portion of it, should be dismissed because it is frivolous, malicious, or fails to state a claim upon which relief may be granted.  *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b).  If the Complaint raises a claim with an arguable or rational basis in fact or law, it is neither frivolous nor malicious, and it may not be dismissed *sua sponte*.  *Brand v. Motley*, 526 F.3d 921, 923-24 (6th Cir. 2008); *see Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990).  A Complaint has no arguable factual basis when its allegations are "fantastic or delusional."  *Brand*, 526 F.3d at 923 (quoting *Neitzke v. Williams*, 490 U.S. 319, 327-28, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989)); *see Lawler,* 898 F.2d at 1199.  A Complaint has no arguable legal basis when it presents "indisputably meritless" legal theories – for example, when the defendant is immune from suit or when the plaintiff claims a violation of a legal interest which clearly does not exist.  *See Neitzke,* 490 U.S. at 327-28; *see also Brand*, 526 F.3d at 923.  The main issue thus presented by a *sua sponte* review at this early stage of the case is "whether [the] complaint makes an arguable legal claim and is based on rational facts."  *Brand*, 526 F.3d at 923-24 (citing *Lawler*, 898 F.2d at 1198).

Plaintiffs' factual allegations are not fantastic or delusional. *See Jones v. Schmaker*, 1999 WL 1252870 at * 1 (6th Cir. 1999) ("Examples of claims lacking rational facts include a prisoner's assertion that Robin Hood and his Merry Men deprived

prisoners any access to legal texts." (citing *Lawler v. Marshall*, 898 F.2d 1196, 1198-99 (6th Cir. 1990)); *cf. Ashcroft v. Iqbal*, 556 U.S. 662, 696 (2009) (Souter, J., dissenting) (courts need not accept as true "allegations that are sufficiently fantastic to deny reality as we know it: claims about little green men, or the plaintiff's recent trip to Pluto, or experiences in time travel."). Accepting Plaintiffs' factual allegations as true and liberally construing their pro se Complaint in their favor, the Complaint does not rest on indisputably meritless theories or allege a violation of a non-existent right. Absent circumstances that are not readily apparent on the face of the Complaint, this Court generally has original jurisdiction over civil actions "for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or any penalty claimed to have been collected without authority ...." 28 U.S.C. §1346(A)(1). Consequently, Plaintiff's Complaint is not subject to sua sponte dismissal.

Yet, Plaintiffs have not completed all the forms needed to effectively serve Defendant with Summons. *See* Fed. R. Civ. P. 4(i). Plaintiffs are placed on **NOTICE** that if they do not effect service of summons on Defendant as Rule 4(i) of the Federal Rules of Civil Procedure requires, their Complaint will be subject to dismissal. In the event Plaintiffs have questions about the forms they must complete to effect service on Defendant, they may obtain assistance from personnel in the Office of the Clerk of Court.

### IT IS THEREFORE ORDERED THAT:

1.  Plaintiffs shall properly complete and submit to the Clerk of Court the forms necessary to effect service of summons; and

2.     The Clerk of Court is directed to deliver Plaintiffs' completed service forms to the U.S. Marshal, who shall forthwith issue service.


April 24, 2015

s/Sharon L. Ovington
_____
Sharon L. Ovington
Chief United States Magistrate Judge
