IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| JAMES R. MULLINS, et al., | : | |
| Plaintiffs, | : | Case No. 3:15cv00106 |
| vs. | : | District Judge Thomas M. Rose<br>Chief Magistrate Judge Sharon L. Ovington |
| INTERNAL REVENUE SERVICE, | : | |
| Defendant. | : | |

# REPORT AND RECOMMENDATIONS[1]

## I.     Introduction

Plaintiffs James R. Mullins III and Kathleen L. Mullins, married residents of Eaton, Ohio, bring this case *pro se* against the United States Internal Revenue Service (IRS) concerning James Mullins's personal tax liability in tax year 2007.

From the IRS's viewpoint, James Mullins incorrectly claimed, in his 2007 tax return, that his then-fiance's children – Kathleen Mullins's children – qualified as his dependents. Plaintiffs believe the opposite.  They contend that James Mullins's correctly claimed Kathleen Mullins's children as his dependents in tax year 2007.

This case is presently pending upon Plaintiffs' Complaint (Doc. #2), the IRS's Motion to Dismiss (Doc. #11), Plaintiffs' Answers, essentially their Memoranda in

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

Opposition (Doc. #13, 15), the IRS's Reply (Doc. #s 14), and the record as a whole.

## II.     Factual Background

Accepting as true the factual allegations in Plaintiffs' *pro se* Complaint, *see Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 572 (2007), and liberally construing it in their favor, reveals that James Mullins, and Plaintiffs together, repeatedly attempted to convince the IRS that James Mullins properly claimed Kathleen Mullins's children as his dependents in his tax return and amended returns for tax year 2007.[2]  The particulars follow.

James Mullins and Kathleen Mullins were engaged and not yet married in tax year 2007.  As mentioned above, James Mullins claimed her children as his dependents in tax year 2007.  The complaint explains that in May 2008, the Department of Treasury informed James Mullins of its decision to disallow $3,489.45, "citing they were not going to allow the claiming of the children."  (Doc #2, *PageID* at 23).

From May 2008 to October 2008, he took steps to convince the IRS that its disallowance decision was wrong.  He telephoned the IRS and sent the IRS letters and documents by fax.  The through line of these communications led to a conversation between James Mullins and IRS agent #0172838 on October 20, 2008.  This IRS agent told him to amend his tax return to change his filing status from "HOH" (head of household) to "single" and to add Kathleen Mullins and her children as his dependents.  (Doc #2, PageID at 24).

---

[2] Plaintiffs' Complaint refers to tax year 2006, but the parties agree that Plaintiffs are challenging the IRS's decision to disallow James Mullins's claim of Kathleen Mullins's dependent children in tax year 2007.  (Doc. #11, *PageID* at 51, n.1; Doc. #15, *PageID* at 67).

The IRS agent informed James Mullins that if he took these steps, "then the refund would be issued." *Id*. No refund issued.

After October 20, 2008, another series of communications between James Mullins and the IRS occurred. These communications led to the IRS's notice, on April 1, 2009, disallowing James Mullins to claim Kathleen Mullins and her children as his dependents in his amended tax return for tax year 2007.

James Mullins filed "paperwork" with the Tax Court in June 2009. (Doc. #2, *PageID* at 25). This came to naught for Mullins. On November 2, 2009, the Tax Court granted the IRS's Motion to Dismiss for Lack of Jurisdiction, apparently on the ground that Mullins's petition was untimely. *Id*. The IRS then deducted the amount Mullins owed for tax year 2007 from the refund Plaintiffs received for tax year 2010. The IRS also charged penalties and interest. Still, James Mullins remained steadfast in his belief that he was entitled to claim Kathleen Mullins's children as his dependents in tax year 2007.

In July 2010, James Mullins spoke with an IRS agent "and was told once again to file a 1040X [an amended tax return] and the IRS would release the refund and repay back the interest and penalties and would pay any interest from 2007 to the [Plaintiffs]." *Id*. Plaintiffs explain that they mailed and faxed an amended tax return to the IRS, but they did not hear a response until June 19, 2012 "because the return had to be re-mailed to them because they lost the original return." *Id*. at 25-26. The IRS's response: "[T]hey disallowed the claim stating that it was past the three[-]year allowance...." *Id*. at 26.

On two later occasions – May 15, 2103 and January 30, 2014 – Plaintiffs sent a letter to the IRS "requesting an appeal of their decision ...." *Id*. On April 8, 2014, Plaintiffs "received final notice from Ms. Diana Ryan .... disallowing the 1040X with instructions that [they] can file suit in the United States District Court." *Id*.

Nearly one year later, on March 30, 2015, Plaintiffs filed their complaint in this Court. As to relief, the Plaintiffs ask "the Court to determine if the Plaintiff [Mr.] Mullins is entitled to claim the dependents on his 2007 tax return based upon 26 U.S.C. §152 ...." (Doc. #2, *PageID* at 21). If he is so entitled, Plaintiffs seek an Order requiring the IRS to issue a refund of the disallowed amount – $3,489.45 – plus costs and interest totaling $6,732.00.

**III.    Standards of Review**

Rule 8(a) of the Federal Rules of Civil Procedure requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The complaint must provide the defendant with "fair notice of what the ... claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted).

A claim survives a motion to dismiss under Fed. R. Civ. P. 12(b)(6) if it "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (quoting, in part, *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court

to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully.' *Iqbal*, 556 U.S. at 678. A complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true." *Twombly*, 550 U.S. at 555-56 (internal citations omitted).

## IV. Discussion

The parties' present arguments raise the broad issue of whether Plaintiffs' complaint, when accepted as factually true and liberally construed in their favor, states a plausible claim that James Mullins was entitled to the Child Tax Credit or the Earned Income Tax Credit in tax year 2007. The IRS contends that Plaintiffs' complaint fails to state a plausible claim for relief because it does not plead any facts supporting the conclusion that James Mullins was entitled to either the Child Tax Credit or the Earned Income Tax Credit in tax year 2007. Plaintiffs contend that Kathleen Mullins's children were James Mullins's "qualifying children" in tax year 2007 as required to gain the benefit of either the Child Tax Credit or the Earned Income Tax Credit.

The specific issue therefore boils down to whether the complaint, when accepted as factually true and liberally construed in Plaintiffs' favor, alleges sufficient factual matter to show that Kathleen Mullins's children were James Mullins's "qualifying children" in tax

year 2007.  To resolve this, it is necessary to drill into several statutes in the Internal Revenue Code, beginning with the Child Tax Credit and the Earned Income Tax Credit.

    The statute creating the Child Tax Credit provides, in part:

> Allowance of Credit. – There shall be allowed as a credit against the tax imposed by this chapter for the taxable year with respect to each **qualifying child** of the taxpayer for which the taxpayer is allowed a deduction under section 151 an amount equal to $1,000.

26 U.S.C. §24(a) (emphasis added).

    The statute creating the Earned Income Tax Credit provides:

> In the case of an **eligible individual**, there shall be allowed as a credit against the tax imposed by this subtitle for the taxable year an amount equal to the credit percentage of so much of the taxpayer's earned income for the taxable year as does not exceed the earned income amount.

26 U.S.C. § 32(a)(1) (emphasis added).  The definition of an "eligible individual," within the meaning of §32(a)(1), harkens back to the phrase "qualifying child" in the Child-Tax-Credit statute.  This is because an "eligible individual"– meaning someone eligible for the Earned Income Tax Credit – includes "any individual who has a **qualifying child** for the taxable year ...."  26 U.S.C. §32(c)(1)(A)(i) (emphasis added).  The concomitant use of the phrase "qualifying child" in these two statutes means that a taxpayer must have a "qualifying child" to gain the benefit of the Child Tax Credit or Earned Income Tax Credit.  This much is manifest in the plain language of each statute.

    Who, then, is a qualifying child?  Before answering this, it is worth briefly noting why this question matters in the present case.  The reason circles back to the fact, again, that

6

James Mullins claimed the children of his then-fiancé Kathleen Mullins as his dependents in tax year 2007. The term "dependent" under the Internal Revenue Service Code includes "a qualifying child." 26 U.S.C. §152(a)(1). The phrase "qualifying child," therefore, intersects James Mullins's 2007 tax return and the plain language of the statutes creating the Child Tax Credit and the Earned Income Tax Credit. Consequently, in order for James Mullins to correctly claim Kathleen Mullins's children as his dependents in tax year 2007, each child must be a "qualifying child," as defined by the Internal Revenue Service Code.

The analysis, therefore, continues to drill into the Internal Revenue Code to locate the definition of "qualifying child." To satisfy its definition, a "qualifying child" must bear a one of the following relationships to the taxpayer:

> (A) a child of the taxpayer or a descendant of such a child, or
>
> (B) a brother, sister, stepbrother, or stepsister of the taxpayer or a descendant of any such relative.

26 U.S.C. §§ 152(c)(1), (2). The plain meaning of this definition at first glance is that a taxpayer's child by birth is a "qualifying child." The word "child," however, is given the following broader meaning elsewhere in §152:

> **(A) In general.--** The term "child" means an individual who is –
>
>> (i) a son, daughter, stepson, or stepdaughter of the taxpayer, or
>>
>> (ii) an <u>eligible foster child</u> of the taxpayer.
>
> **(B)** ....
>
> **(C) Eligible foster child.--** For purposes of subparagraph (A)(ii), the

>term "eligible foster child" means an individual who is placed with the taxpayer by an authorized placement agency or by judgment, decree, or other order of any court of competent jurisdiction.

26 U.S.C. §152(f)(1) (emphasis in original).

Accepting as true the facts in Plaintiffs' complaint and construing it liberally in their favor leads to no particular information about the status of James Mullins's relationship in tax year 2007 with his then-fiancé Kathleen Mullins's children.  However, when the Complaint is liberally construed in connection with Plaintiffs' "Answers" (essentially, their Memoranda in Opposition), a more complete relationship picture appears.  Plaintiffs state that "pages upon pages of documents" they sent to the IRS over almost seven years included "school papers with Mr. Mullins['s] name as guardian of the children, proof of payment of the household expenses and bills, proof from Plaintiff's doctors [sic: probably, "Plaintiffs' doctors"] of Mrs. Mullins disability that caused Mr. Mullins to move into the house to become the guardian of the children and take care of Mrs. Mullins, and much more."  (Doc. #13, *PageID* at 59).  It is reasonable to infer from these facts, when accepted as true, that one or more of Kathleen Mullins's children was James Mullins's foster child in tax year 2007. This inference is reasonable because the term "guardian," under Ohio law is broadly defined to include:

>any person, association, or corporation appointed by the probate court to have the care and management of the person, the estate, or both of an incompetent or minor.  When applicable, "guardian" includes, but is not limited to, a limited guardian, an interim guardian, a standby guardian, and an emergency guardian ....

Ohio Code Ann. § 2111.01(A).  This broad definition takes front stage due to Plaintiffs' allegation that the school papers identify James Mullins as the children's guardian during 2007.  Given the significance and often official nature of school documents, it is reasonable to conclude that James Mullins had legal guardianship over his fiancé's children in 2007.  This, moreover, would have been the situation in 2007, assuming as true Plaintiffs' allegation that Kathleen Mullins was disabled and that James Mullins had moved into her house with her and her children to care for them and pay their household expenses and bills.  James Mullins's guardianship would then suffice to show that his fiancé's children were his eligible foster children and, in turn, his qualifying children and, in the end, his dependents in tax year 2007.  *See* 26 U.S.C. §152(a)(1), (c)(2).

Accordingly, the IRS's arguments that Plaintiffs have not presented facts supporting a claim that James Mullins was entitled to the Child Tax Credit or the Earned Income Tax Credit in tax year 2007 lack merit at this stage of the proceedings.

Additionally, Plaintiffs point to a different theory of potential liability.  They contend that under the law, an adult can be a claimed as dependent if she had less than $3,500 in gross earnings in tax year 2007 and if she satisfies a number of other elements.  In light of this, Plaintiffs reason that Kathleen Mullins was James Mullins's dependent in tax year 2007, and through Kathleen, her children were James Mullins's dependents too.  *See* Doc. #13, *PageID* at 58-59.  The IRS does not address this potential theory of liability.  *See* Doc. #14.  It is therefore not presently ripe for review.

Two wrinkles remain.  First, the IRS points out that Plaintiffs might be conflating the dependency <u>exemption</u> with the separate statutes governing the Child Tax Credit and Earned Income Tax Credit.  The IRS's counsel explains, "the United States does not seek dismissal of the Complaint to the extent it relies upon a claim for a dependency exemption, as such claim depends upon different facts, and the Plaintiffs may have alleged sufficient facts in support thereof.  The United States seeks dismissal only with respect to the claims based upon the Earned Income Tax Credit and the Child Tax Credit."  (Doc. #14, *PageID* 64).

The second wrinkle is that the IRS challenges the merits of Plaintiffs' complaint and has presently decided not to address this Court's subject matter jurisdiction in this case.  *Id*. at 64-65.  Issues related to the Court's subject matter jurisdiction therefore remain until the briefing by the parties, if warranted.

**IT IS THEREFORE RECOMMENDED THAT:**

The IRS's Motion to Dismiss (Doc. #11) be DENIED.


October 9, 2015

                s/Sharon L. Ovington
                 Sharon L. Ovington
              Chief United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).