IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| JAMES R. MULLINS, III, *et al.*, | : | |
| Plaintiffs, | : | Case No. 3:15cv00106 |
| vs. | : | District Judge Thomas M. Rose<br>Magistrate Judge Sharon L. Ovington |
| INTERNAL REVENUE SERVICE, | : | |
| Defendant. | : | |

# REPORT AND RECOMMENDATIONS[1]

## I. Introduction

Plaintiffs James R. Mullins, III and Kathleen L. Mullins are married and residents of Eaton, Ohio. They bring this case *pro se* against the United States Internal Revenue Service (the Government[2]) concerning Mr. Mullins's personal tax liability in tax year 2007. From the Government's viewpoint, Mr. Mullins incorrectly claimed in his 2007 tax return that his then-fiancée Kathleen Mullins's children qualified as his dependents. Plaintiffs believe the opposite. They contend that James Mullins correctly invoked the child tax credit and earned income tax credit because Kathleen Mullins's children were his "qualifying children" in 2007. Plaintiffs seek a refund of the amount, $6,732.00 (plus interest), James Mullins allegedly overpaid for the 2007 tax year.

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

[2] The United States is the proper party defendant in a tax refund case. *See* 28 U.S.C. §1346(a).

The case is presently pending upon the Government's Motion for Partial Summary Judgment (Doc. #28), Plaintiffs' Answer, essentially their Memoranda in Opposition (Doc. #32), the Government's Reply (Doc. #34), and the record as a whole.

## II. **Factual Background**

During the 2007 tax year, Plaintiffs were engaged; they married in September 2008. (Doc. #32, *PageID* #410). Ms. Mullins is the biological mother of Tayler Lance and Brehanna Durham, who were children in 2007 and are now adults. Mr. Mullins is not their biological father. (Doc. #28, *PageID* #300).

In May 2008, when Tayler and Brehanna were children, Mr. Mullins filed a Form 1040 for tax year 2007 claiming child tax credits and earned income tax credits with respect to Tayler and Brehanna. He also claimed dependency exemptions for himself, Tayler, and Brehanna. During 2007, Mr. Mullins, Tayler, and Brehanna lived together at the same address in Eaton, Ohio. Ms. Mullins also lived with them at that address during 2007, except for the months she spent in jail in late 2007.

The Government has submitted a Certificate of Official Record attesting to the accuracy of the information in an attached document (Form 4340) concerning Mr. Mullins's tax return the 2007 tax year. *Id.* at 145. The Government states, "On or about August 15, 2008, the Government issued a statutory Notice of Deficiency, advising Mr. Mullins that it was disallowing the earned income tax credit, the child tax credits, and the dependency exemptions that were claimed in his 2007 tax return." (Doc. #28, *PageID* #122, ¶11).

In October 2008, Mr. Mullins filed an amended 2007 tax return again claiming child tax credits, earned income tax credits, dependency exemptions for Tayler and Brehanna, and

adding Ms. Mullins as a dependent. (Doc. #28, *PageID* #s 146-47). In late December 2008, the Government assessed additional tax of $2,365 against Mr. Mullins for the 2007 tax year, and reversed its decision to allow the two tax credits he had claimed in his 2007 tax return: the child tax credit of $1,092 and the earned income tax credit of $2,245. *Id*.

In 2009, Mr. Mullins turned to the U.S. Tax Court seeking a redetermination of his 2007 tax-year deficiency. In November 2009, the Tax Court dismissed his action as untimely. *Id*. at 328-30.

The Government acknowledges that the income tax assessed upon Mr. Mullins for the 2007 tax year has been paid in full. (Doc. #28, *PageID* #123, ¶s 15-16).

### III. <u>Summary Judgment</u>

A party is entitled to summary judgment when the there is no genuine dispute over any material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *see also Barker v. Goodrich*, 649 F.3d 428, 432 (6th Cir. 2011). The initial burden is on the moving party "to show that the non-moving party has failed to establish an essential element of his case upon which he would bear the ultimate burden at trial." *Guarino v. Brookfield Tp. Trustees,* 980 F.2d 399, 403 (6th Cir. 1992); *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479-80 (6th Cir. 1989). In response, "the nonmovant must show sufficient evidence to create a genuine issue of material fact." *Bell v. Ohio State University*, 351 F.3d 240, 247 (6th Cir. 2003). "A mere scintilla of evidence is insufficient; 'there must be evidence on which the jury could reasonably find for the [non-movant].'" *Id*. (quoting, in part, *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 252 (1986)).

To resolve whether a genuine issue of material fact exists, the Court draws all reasonable inferences from the underlying facts in the light most favorable to the non-moving party. *Richland Bookmart, Inc. v. Knox County, Tenn.*, 555 F.3d 512, 520 (6th Cir. 2009) (citing *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986)). With the reasonable inferences in the forefront, "[t]he central issue is 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Jones v. Potter*, 488 F.3d 397, 402-03 (6th Cir. 2007) (quoting, in part, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986) and citing *Matsushita Elec.*, 475 U.S. at 587).

## IV. Discussion

The Government contends that it is entitled to partial summary judgment because, as a matter of law, Tayler and Brehanna were not Mr. Mullins's qualifying children during tax year 2007. Plaintiffs raise several counter arguments addressed below.

The child tax credit allows, during each tax year, a deduction of $1,000 "with respect to each **qualifying child** of the taxpayer …." 26 U.S.C. § 24(a) (emphasis added). A similar tax credit potentially arises under the earned income tax credit in a more roundabout way. The earned income tax credit allows "an eligible individual" a credit during each tax year based on a certain percentage of the taxpayer's earned income. 26 U.S.C. § 32(a)(1) (emphasis added). To be an "eligible individual"—meaning someone eligible for the earned income tax credit—the taxpayer must have "a **qualifying child** for the taxable year ...." 26 U.S.C. § 32(c)(1)(A)(i) (emphasis added).

Who, then, is a qualifying child? A "qualifying child" must bear a one of the

4

following relationships to the taxpayer:

>(A) a child of the taxpayer or a descendant of such a child, or

>(B) a brother, sister, stepbrother, or stepsister of the taxpayer or a descendant of any such relative.

26 U.S.C. §§ 152(c)(1), (2)(A)-(B). The plain meaning of this definition establishes, in part, that a taxpayer's child by birth is a "qualifying child." Yet, not surprisingly, there is more going on in the tax code, which extends a broader definition to the word "child." A "child" is the taxpayer's "son, daughter, stepson, or stepdaughter," § 152(f)(1)(A)(i)—Tayler and Brehanna were none of these in relation to Mr. Mullins in 2007—or, "an eligible foster child of the taxpayer." § 152(f)(1)(A)(ii).

The parties disagree over whether Tayler and Brehanna were Mr. Mullins's eligible foster children in 2007. Their disagreement leads back to the tax code, which defines an "eligible foster child" as "an individual who is placed with the taxpayer by an authorized placement agency or by judgment, decree, or other order of any court of competent jurisdiction." § 152(f)(1).

The Government contends that Plaintiffs have not produced evidence showing Tayler or Brehanna were placed with Mr. Mullins in tax year 2007 by an authorized placement agency, judgment decree, or court of competent jurisdiction. This is correct. Plaintiffs have not pointed to any document indicating that a court of competent jurisdiction or placement agency appointed Mr. Mullins the guardian of Tayler or Brehanna in 2007. Consequently, Plaintiffs have not met their burden to produce affirmative evidence, *see Street*, 886 F.2d at 1479, showing a genuine dispute over any material fact underlying the Government's

assertion that Tayler and Brehanna were not eligible foster children in 2007 as defined by § 152(f)(1).

Plaintiffs maintain that Ms. Mullins executed a power of attorney appointing Mr. Mullins the children's guardian. They have not, however, produced any document purporting to effect this appointment in 2007. They have also not produced evidence showing that in 2007, an Ohio probate court appointed Mr. Mullins as Tayler's or Brehanna's guardian under Ohio Rev. Code § 2111.02, or that in 2007, he met Ohio's definition of a guardian, *see* Ohio Rev. Code § 2111.01(A), or that Ms. Mullins' nominated him as their guardian in compliance with Ohio Rev. Code § 2111.121.

To show Mr. Mullins's guardianship status, Plaintiffs point to Ms. Mullins's formal request to her divorce attorney to file a motion to allow Mr. Mullins to act as a temporary guardian for Tayler and Brehanna in 2007. Plaintiffs argue that Ms. Mullins's formal request for temporary guardianship, and the fact that a court hearing was set in August 2007, are sufficient to establish that Mr. Mullins was Tayler's and Brehanna's legal guardian in 2007. Yet, Plaintiffs have not produced a copy of the guardianship motion Ms. Mullins asked her divorce attorney to file in 2007, and she could not attend (she was admittedly in jail) the hearing August 2007 and so it was cancelled. Additionally, during Mr. Mullins's deposition, he was asked if, in 2007, he was ever the legal guardian of Brehanna. He answered, "Via a court document stating that I am the guardian, no." (Doc. #28, *PageID* #311:16-19). When asked the same question about Tayler, he answered the same. *Id*. at 311:20-23. The colloquy continued:

Q: But you never had to go to court?

6

> A: No, not in the guardianship issue, no.
>
> Q: When you say guardianship issue, you mean with respect to Brehanna Durham and Tayl[e]r Lance?
>
> A. Yes, correct.

*Id*. at *PageID* #311-12. In light of Mr. Mullins's testimony, there is no genuine dispute over the fact that whatever steps Ms. Mullins's attorney took to secure guardianship for Mr. Mullins did not bear fruit in the form of an order from an Ohio probate court or an appointment by an authorized Ohio placement agency in 2007.

Plaintiffs next rely on "pages and pages of documents" they "sent to the IRS over the course of almost 7 years. These documents included school papers with Mr. Mullins['s] name as the guardian of the children, proof of payment of the household expenses and bills, proof from the Plaintiff's doctors of Mrs. Mullins['s] disability that caused Mr. Mullins to move into the home to become the guardian of the children and take care of Mrs. Mullins, and much more." (Doc. #32, *PageID* #409). Plaintiffs also assert that Ms. Mullins kept certain guardianship documents in a lockbox that was removed from her home by federal agents when they executed a warrant.

The problem with the documents Plaintiff's rely on is that although they may be probative of Plaintiffs' intent to establish Mr. Mullins's guardianship of Tayler and Brehanna in 2007, the record lacks evidence showing that in 2007, they established Mr. Mullins' guardianship of Tayler and Brehanna under Ohio law. Again, the record lacks evidence showing that Mr. Mullins was nominated to be their guardian under Ohio Rev. Code § 2111.121 or appointed to be their guardian under Ohio Rev. Code § 2111.02.

Consequently, there is no genuine issue of fact underlying Mr. Mullins's claim to guardianship status in 2007, and the undisputed facts establish that, as a matter of law, Tayler and Brehanna were not his eligible foster children or qualifying children in tax year 2007.

Plaintiffs also challenge the Government's submission of documents relating to a probate case concerning her children in 2003. Because the above analysis does not involve those documents, there is no need to address Plaintiffs' challenge to the Government's submission of those documents.

The Government lastly argues that Ms. Mullins lacks standing to sue for a refund concerning Mr. Mullins's 2007 individual tax return. Plaintiffs do not address this standing argument. Consequently, and for the reasons advanced by the Government, *see* Doc. #28, *PageID*# 126, n.4; Doc. #34, *PageID* #418, and because Mr. Mullins filed individually in tax year 2007, and because Plaintiffs were not yet married in 2007, Ms. Mullins lacks standing to seek a refund concerning Mr. Mullins's individual tax return for the 2007 tax. *Cf. United States v. Williams*, 514 U.S. 527, 536 (1995) ("28 U.S.C. § 1346(a)(1) clearly allows one from whom taxes are erroneously or illegally collected to sue for a refund of those taxes. And 26 U.S.C. § 6402(a), with similar clarity, authorizes the Secretary to pay out a refund to "the person who made the overpayment.").

Accordingly, the government's Motion for Partial Summary Judgment is well taken as to Plaintiffs' claims related to Mr. Mullins's assertion of the child tax credit and earned income tax credit for the 2007 tax year.

It appears at this time that one claim remains pending in this case. In connection

8

with its previously filed (and later withdrawn) Motion to Dismiss, the government pointed out that Plaintiffs might be conflating the dependency exemption asserted by Mr. Mullins in tax year 2007 with the statutes governing the child tax credit and the earned income tax credit. (Doc. #14, *PageID* #64). The government's counsel explained, "[T]he United States does not move to dismiss the Complaint to the extent it relies upon a claim for a dependency exemption, as such a claim depends upon different facts, and the Plaintiffs may have alleged sufficient facts in support thereof." *Id*. At present, the government has not sought summary judgment concerning Mr. Mullins's eligibility for the dependency exemption related to Tayler and Brehanna in tax year 2007. If Plaintiffs intend to litigate a claim concerning Mr. Mullins's eligibility for the dependency exemption, that potential claim remains presently at issue and should be subject to an Amended Scheduling Order.

**IT IS THEREFORE RECOMMENDED THAT:**

The Government's Motion for Partial Summary Judgment (Doc. #28) be GRANTED.

June 28, 2017                                          *s/Sharon L. Ovington*
                                                       Sharon L. Ovington
                                                       United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).